The opinion of the court was delivered by
'Manning, C. J.
A suit was instituted by the relator in the District Court for Lafayette, in which the judge of that court was recused. He therefore called on a practicing lawyer to try the case as judge ad hoc, who immediately qualified, and subsequently made sundry orders in the cause. The lawyer thus appointed is the respondent, who is the District attorney for that district. He fixed the cause for trial, but at the time appointed for trial, he recused himself, or was recused, because he was District attorney, and refused to proceed farther. Thereupon the relator applied to us for a mandamus, and upon a rule issuing to shew cause why it should not be granted peremptorily, he assigns for cause:
1. That he is already district attorney, and therefore can not be judge ad hoc, because he can not hold two offices of honor or profit at the same time.
This objection is not good. A practising lawyer who is selected to try a particular case, and who acts as judge merely pro hac vice, can not be said to hold an office. And he certainly does not hold one of trust or profit. His functions cease the instant the case is at an end, and are *1103 confined to a particular case. There can be no reason why in civil cases the prosecuting officer for the criminal docket should not try a case in which the judge is recused, provided he be a lawyer.
2. The respondent urges that the rightfulness of his recusation can not be inquired into by mandamus, but the party aggrieved should appeal.
If we were to hold that a judge ad hoc was an officer, whose failure or refusal to perform his duty could be taken cognisance of by us, in the same way and to the same extent that a judge of one of the inferior courts can, we should certainly issue the mandamus. In other words, if the respondent is right in recusing himself, on the theory that it is another office and he can not hold two offices at the same time, then we might issue the mandamus to him as an inferior judge.
But we refuse the writ on other grounds, viz because of the want of power in this court to compel a lawyer to try a case as judge if he chooses to refuse. The attorney who may be appointed is not obliged to accept the appointment. If he does accept, and even enters upon the trial of the case, he is not obliged to continue to the end. And what he is not obliged to do, we can not compel him to do. True, it is almost contra tonos mores to accept, qualify, sit, make orders, and then from caprice, or weariness, or other like cause, incontinently quit the bench, but we are without power to make him go back.
We believe in the present case it was not caprice, but a belief in the incompatibility of the two offices, that occasioned the respondent’s action. State ex rel. Fuqua vs. Brame, 29 Annual, 816.
The mandamus is refused at the cost of the relator.